## REEVES v. CITY OF ATLANTA.

The recorder's court of the City of Atlanta has jurisdiction to try the keeper of a pool or billiard room for the municipal offense of admitting a minor into the same without the written consent of his parent or guardian.

Submitted February 18, — Decided March 11, 1902.

Certiorari. Before Judge Lumpkin. Fulton superior court. October 21, 1901.

*W. I. Heyward,* for plaintiff in error.
*J. L. Mayson* and *W. P. Hill,* contra.

LUMPKIN, P. J. An ordinance of the City of Atlanta declares that "It shall not be lawful for any person or persons having charge or control of any pool or billiard room, and tables kept for hire, to admit into any such room any minor, or to allow any minor to play at such billiard or pool table, without the written consent of the parent or guardian of such minor." The plaintiff in error was tried before the recorder of Atlanta upon a charge of violating this ordinance. Having been adjudged guilty, he sued out a certiorari, and by his bill of exceptions assigns error upon the overruling thereof. The answer of the recorder to the petition for certiorari discloses that the evidence in his court was sufficient to establish the fact that the accused permitted certain minors to enter his pool or billiard room without the consent of their parents or guardians. According to the evidence some of the minors played upon the tables and others did not. It is evident that the judgment of conviction rendered by the recorder was based upon so much of the ordinance as prohibited the accused from allowing minors to enter the room in question. The main point made by the petition for certiorari is that inasmuch as section 413 of the Penal Code, as amended by the act of 1897 (Van Epps' Supplement, § 6748), makes it a State offense for the owner of a billiard or pool table to "permit any minor to play or roll on the same, without the consent of the parent or guardian," the recorder's court of the City of Atlanta had no jurisdiction of an offense of this nature. Granting that this position is correct, the reply to it is obvious, namely: that the court just referred to did have jurisdiction of the municipal offense of permitting a minor to enter a pool or billiard room without the written consent of his parent or guardian. We therefore have no difficulty

in reaching the conclusion that there was no error in refusing to set aside the decision of the recorder.

*Judgment affirmed. All the Justices concurring, except Little, J., absent.*